```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MELAIA LATU OSTLING,              :    CIV. NO. 3:01CV01900 (RNC)
Petitioner,                       :
                                  :
v.                                :
                                  :
PAM RICHARDS and IMMIGRATION      :
& NATURALIZATION SERVICE,         :
Respondents.                      :    MARCH 18, 2004
```

### RESPONDENTS' RESPONSE TO LETTERS
### WRITTEN ON BEHALF OF THE PETITIONER

Respondents submit the following in response to the recent letters submitted to the Court on behalf of the petitioner, Melaia Ostling. As an initial matter, both letters address only the issue of detention – neither addresses any substantive relief for which the petitioner might be eligible. The March 5, 2004 letter from the petitioner's husband does cite to two cases and the respondents will address those cases herein.

As an initial matter, and in light of the fact that neither letter submitted to the Court addresses any substantive claims, the petitioner is not entitled to release under general habeas precedent. As this Court is aware from earlier government filings, in <u>Mapp v. Reno</u>, 241 F.3d 221, 226-27 (2d Cir. 2001), the Second Circuit held that "the federal courts have inherent authority to admit to bail individuals properly within their jurisdiction." The Court also acknowledged, however, that this was a limited authority. It held that

> [e]ven as we have acknowledged the authority of the
> federal courts to grant bail to habeas petitioners,

>however, we have also, and consistently, emphasized
>that this power is a limited one, to be exercised in
>special cases only.  As we noted in <u>Ostrer</u>, "a habeas
>petitioner should be granted bail only in unusual
>cases, or when extraordinary or exceptional
>circumstances exist which make the grant of bail
>necessary to make the habeas remedy effective."
><u>Ostrer</u>, 584 F.2d at 596 n. 1 (internal quotation marks
>and citation omitted).  And, in <u>Grune</u>, we explained
>that "[t]he standard for bail pending habeas litigation
>is a difficult one to meet:  The petitioner must
>demonstrate that the habeas petition raise[s]
>substantial claims and that extraordinary circumstances
>exist[ ] that make the grant of bail necessary to make
>the habeas remedy effective."  <u>Grune</u>, 913 F.2d at 44
>(internal quotation marks omitted) (alterations in
>original).

<u>Mapp v. Reno</u>, 241 F.3d at 226.  Here, as the Court is aware, the petitioner has failed to set forth any substantive claim upon which her release could under <u>Mapp</u> be premised.

The petitioner's husband cites to two cases in support of his claim that other aliens allegedly in the petitioner's situation have been released from immigration detention.  Those cases, <u>Luz Lopez v. Ashcroft</u>, 3:02CV350 (WWE), and <u>Rogowski v. Reno</u>, 94 F.Supp.2d 177 (D. Conn. 1999), however, pre-date the United States Supreme Court's decision in <u>Demore v. Kim</u>, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).[1]  In <u>Kim</u>, the Court upheld the constitutionality of the mandatory detention provision found in 8 U.S.C. § 1226(c).  The Supreme Court noted that

---

[1] The government briefly addressed the <u>Lopez</u> case before the Court at the last hearing.  A copy of the district court's ruling and later clarification are attached.  The <u>Rogowski</u> decision, discussed in <u>Lopez</u>, is not attached because it is available on Westlaw.

"Congress may make rules as to aliens that would be unacceptable if applied to citizens," id. at 1717, and recognized the "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id. at 1719. Thus, the Supreme Court held that mandatory detention was constitutional.

In any event, a discussion of both cases is warranted. In both Lopez and Rogowski, the district courts each made two conclusions. First, both courts held that an alien who was seeking review of a removal order via a petition for writ of habeas corpus was not subject to a final order and was thus being held under the mandatory detention provision, INA § 236(c), as opposed to the post final order detention provision found in INA § 241(a). Second, both courts then held that the mandatory detention provision, INA § 236(c), was unconstitutional and that the aliens were entitled to an individualized bond hearing.

Regarding the first issue, even assuming that the district courts were correct that an alien in the midst of habeas review of a final order of removal was being held pursuant to INA § 236(c), the Supreme Court's decision in Kim holds that such aliens are not eligible for release. Thus, the claims under Lopez and Rogowski must fail.

Further, if the district courts were incorrect about which provision applied, and that INA § 241(a) applies, the

petitioner's claim for release fails under Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).  There, the Supreme Court held that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Here, the petitioner readily admits that "Tonga is willing to accept her forthwith."  Pet. Mot. for Bond, at 1.  In view of that fact, she is not similarly situated to the alien in Zadvydas and she has no right to release or even a bond hearing.

In sum, the two cases cited by the petitioner's husband no longer are good law.  The government remains unaware of any claim to relief that petitioner may have.

                              Respectfully submitted,

                              KEVIN J. O'CONNOR
                              UNITED STATES ATTORNEY


                              JAMES K. FILAN, JR.
                              ASSISTANT UNITED STATES ATTORNEY
                              915 LAFAYETTE BOULEVARD
                              BRIDGEPORT, CONNECTICUT 06604
                              (203) 696-3000
                              FEDERAL BAR NO. ct15565

CERTIFICATION

This is to certify that a copy of the foregoing was sent via United States mail, postage prepaid, on this date, to:

Gary Weinberger
Federal Public Defender
10 Columbus Blvd., Fl. 6
Hartford, Connecticut 06106

Dated at Bridgeport, Connecticut this 18th day of March, 2004.

_____
JAMES K. FILAN, JR.
ASSISTANT UNITED STATES ATTORNEY