UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 APR 13 A 11: 48

U.S. DISTRICT COURT

MELAIA LATU OSTLING,

    Plaintiff,

V.

PAM RICHARDS, ET AL.,

    Defendants.

CASE NO. 3:01CV1900(RNC)

### RULING AND ORDER DISMISSING PETITION AND LIFTING STAY

Petitioner, a native and citizen of Tonga and longtime permanent resident of the United States, has three children who are United States citizens. In October 2001, she brought this action challenging her mandatory detention while she appealed a removal order to the Board of Immigration Appeals. In February 2002, the appeal was dismissed and the government moved to dismiss the petition as moot. Petitioner opposed dismissal on the ground that she had filed a motion for reconsideration with the BIA and had a due process right to be released while the motion remained pending. Treating her papers as a motion for leave to amend the petition to include a challenge to her continued detention, the motion was granted, respondent's motion to dismiss was denied, counsel was appointed to represent petitioner, and her removal was stayed. All this was justified by the possibility that petitioner might have a viable claim to a hearing to determine whether she should be granted relief from removal due to the impact her removal would have on her and her three children. Cf. Beharry v. Reno, 183 F. Supp.2d 584, 603-05 (E.D.N.Y. 2002), rev'd on other grounds, Beharry v. Ashcroft, 329 F.3d 51, 63 (2d Cir. 2003).

At a hearing on February 26, 2004, petitioner was informed that there no longer appeared to be any legal basis on which the court could grant her any form of relief. Petitioner requested a further stay on the ground that she believed an argument in her favor must have been overlooked. Pursuant to her request, the stay of her removal was continued until March 18, 2004, on the understanding that it would be lifted then unless in the interim petitioner was able to identify a legal basis on which relief from removal could conceivably be granted.

Since the hearing six weeks ago, letters have been submitted by or on behalf of petitioner imploring the court to order her release and allow her to remain in the United States with her children. But no legal basis for granting either form of relief has been identified. In the absence of such legal authority, the government may remove petitioner to Tonga, notwithstanding the great hardship it will surely impose on petitioner and her three children.

Accordingly, the action is hereby dismissed and the stay of petitioner's removal is hereby lifted.

So ordered.

Dated at Hartford, Connecticut this 13th day of April 2004.

_____
Robert N. Chatigny
United States District Judge