RECEIVED
Dec 21 04 PM '04

MELAIA Latu Ostling
    Petitioner

V.

Pam Richard, and
Immigration and Naturalization
    Respondent.

November 2, 2004

Civ. No 3:01cv1900
Hon. Robert N. Chingny

I Melaia Ostling before this court to request reconsideration regarding my deportation case and allowed these new findings and the short brief to support my current motion pending in your court. A motion to expedite filed Oct 2004.

I am challenging the lawfulness of my continue detention by the Department of Homeland Security Immigration and customs Enforcement (ICE) within the Hartford ICE district. The court lifted my stay of deportation on April 14, 2004 in which I was never notified by court or my public defender Gary Weinberger. The INS picked me up October 19th, 2004 and I was informed of the ruling. Not only that I was informed, but I was told that I was going home, not to my children but deported.

Pg 2.

I. My ninety days statutory removal period under the relevent statute, 8. U.S.C section 1231(a)(6) expired July 14, 2004. My case is controlled by Zadvydas v. Davis, 533 U.S 678, 121 S. Ct. 2491 (2001), in which the Supreme Court ruled that indefinite detention is not authorized by statute where there is no significant likelihood of removal in the reasonably foreseeable future.

II. The Supreme Court further held in Zadvydas that six months is presumptively resonable period of time to effect removal. See also 8 C.F.R section 1241.13(b)(2)(i) Under Zadvydas, "once removal is no longer resonable foreseeable, continued detention is no longer authorized by statute" 121 S. Ct. at 2503 In such cases, "the aliens release may and should be conditioned on any of the various forms of supervised released that appropriate in the circumstances"... Id. at 2504.

III. In response to Zadvydas the Attorney General issued interim regulations in November 2001. See 8 C.F.R. section 1241.13 - 1241.14 (2001). The interim regulations instruct the ICE to first consider release requests from persons

## Statement of Law Applicable to my Custody Status.

with a final order of removal under the existing 8 C.F.R section 1241.4 custody review procedures. These procedures call for the local District Director to conduct a detainee's initial review, then refer the detainee's case to the ICE Headquarters Post Order Detention Unit (HQPDU) for subsequent custody reviews. See generally 8 C.F.R section 1241.4. For aliens who are subject to Zadvydas, the ICE is instructed to release the alien if there is no significant likelihood of removal in the reasonably foreseeable future, absent special circumstances justifying continued detention. 8. C.F.R. section 1241.13(g)(1).

IV.  The United States Supreme Court's Decision In Zadvydas v. Davis Requires Petitioner's Release From I.C.E Custody.

Because the ICE cannot execute the Petitioner's removal order within the reasonably foreseeable future, there is no statutory authority for the ICE to detain him. While the relevent statute, 8 U.S.C section 1231(a), authorizes the Attorney General to detain aliens for the ninety-days removal period, once removal

is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Zadvydas, 121 S. Ct. at 2503.

In its decision in Zadvydas, the Supreme Court sets forth the standard for the habeas court to apply in reviewing the lawfulness of detention under 8 U.S.C. Section 1231(a)(6).

> [The court] must ask whether the detention in question exceeds a period reasonable necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. Zadvydas, 121 S. Ct. at 2504.

In my present case, the ninety-day statutory removal period expired July 14, 2004, and the presumptive six-month period given to the ICE for removal under 8 C.F.R. Section 241.13(b)(2)(ii) ended October 14, 2004.

## Due Process Objections

Alien facially challenges section 236 on due process grounds. Alien possesses substantive and procedural due process rights. See Doherty v. Thornburgh, 943 F.2d 204, 208-9 (2nd Cir, 1991) (citing cases), n4 As a LPR, Alien has formed those connections to this country which justify stronger constitutional status. See Landon v. Plasencia 459 U.S. 21, 33, 74 L. Ed. 2d 21, 103 S. Ct. 321 (1982).

Once an alien gains admission our country and begins to develop the ties that go with permanent residence, his constitutional status changes accordingly. cf Mathew v. Diaz. 426 U.S. 67, 77, 48 L. Ed. 2d 478, 96 S. Ct. 1883 (1976) (due process right extend even to aliens "whose presence in this country is lawful") Alien has a liberty interest in freedom from arbitrary confinement. See Doherty, 943 F.2d at 209 ("a substantive due process right to be free of arbitrary confinement pending deportation proceedings"); St. John v. McElroy, 917 F. Supp. 243, 250 (S.D.N.Y 1996) ("freedom from detention is a liberty interest... of the highest

constitutional import").

**Important Fact** The Fifth Amendment provides that "No person... shall... be deprived of life, liberty or property without due process of law." U.S. Const. amend. V (emphasis added). The term "person" does not differentiate between citizens and non-citizens but is broad and inclusive. Doherty, 943 F.2d at 208.

**Important Fact** The fifth amendment does not permit punishment of criminal aliens a second time through the immigration laws. Prior convictions carry weight as a predicting factor but cannot, alone, support complete denial of even the opportunity to request bail and be heard. Prior convictions could be a factor to be considered on the merits in a hearing which would allow petitioner to put forth any countering factors. If prior convictions are allowed to control, petitioner is denied the opportunity to do so.

This is not a case where petitioner has the keys (to his cell) in his pocket. Parra, 172

F. 3d at 958 Until a section 212 waiver is determined, this country remains petitioner's home. Petitioner is entitled to an opportunity to demonstrate his claim to bail. As precluded by section 236, it is found to be unconstitutional as applied to petitioner.

The unusual circumstances of petitioner's case preclude judgement as to petitioner facial challenge to the statute, See Salerno, 481 U.S. at 745 ("the challenger must establish that no set of circumstances exists under which the (statute) would be valid")

In addition to these facts I am asking the court to provide me any documents that my public deffender Gary Weinberger filed with this court in connection with the bond hearing he claimed this court denied. Or any motions that he filed on my behalf related to my deportation case.

I am humbly asking the court to please review my case carefully for the following

Pg 8

factors and take them in to reconsider the ruling that was done on my case.

(1) My public deffender never notified me on the ruling on my case on April 14, 2004.

(2) Many many letters begging Mr. Weinberger to file motions on my behalf, but he never responded nor filed any motions.

(3) In a hearing at in this court, the INS agreed that they would notify my family with travel arrangement so we can travel together. This of course was never done.

(4) At the detention center on October 19th, 2004, the officer stated that with in a month they will picke me up.. Inject me with a needle, put a diaper on me and I will be out and when I wake up I will be in my country... Refuse to-day and we will do it medically. So cruel, evil and inhuman... when all I need is my children, my family my very life...

Pg 9.

5. The INS has 90 days to remove an Alien once and order is final... My 90 days expired July 14, 2004.... And my presumtive six months period expired October 14, 2004.... Of course I was never notified of any ruling, until the I.N.S unexpectedly took me October 19th, 04 to be deported

6. My case has never been review for any form of supervise release in which most detainee here received 90 days, 6 months and a year review for / consideration of release on a Order of Supervision. I firmly believe that I am a perfect candidate for this release. The INS has never show any proof that I am a flight risk or a danger to society. A "clear and convincing evidence" can be shown on my behalf.. Many many letters had been send from families, friends, schools and the facility that I am confined. I was never given this opportunity and its a violation of the INS law. INA 241(a) See attachment A. In addition to many letters to support my character, my criminal case was a nonviolent crime nor do I have any history of violence. I was on a nonsecurity bond, and was allowed to surrendered myself to

Pg 10

Danbury Federal Prison here at Connecticut from Michigan. This can be confirmed by my Pretrial officer Mr. Murphy at the Detroit Federal Office at Michigan.

For the reasons above I am pleading this court to please review my case. It has been 38 months of continue detention and the INS has never shown proof of myself posing a danger to the community or a flight risk. There were 200 pages perhaps more of documents forward to this court to show the court the magnitude affect of my deportation that would have on my American citizen children.

Its my eternal hope and prayer that this court can hear our desparate plead to keep our family together. There is no language powerful enough to express how deeply remorseful I am for my crime. I carried this heavyly in my heart and soul... I've learned deeply from my failure and I am humbly begging for your mercy. Allow me to go home and mother my children.

Sincerely Smitted

**Department of Homeland Security**
Bureau of Immigration and Customs Enforcement

450 Main Street
Hartford, CT 06103-3060

C/O York Correctional Center

201 W. Main Street
Niantic, CT 06357

*Note — I have never receive any review of of my 38 months of confinement.*

## Notice to Alien of File Custody Review

You are detained in the custody of the Immigration and Naturalization Service (INS) and you are required to cooperate with the INS in effecting your removal from the United States. If the INS has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering INS custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in INS custody, the INS District Director will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating by "clear and convincing evidence" that you **will not** pose a danger to the community and **will not** be a significant flight risk.

Your custody status will be reviewed on or about: (November 28, 2003        ). The District Director may consider, but is not limited to considering the following:

1. The nature and seriousness of your criminal convictions;
2. Other criminal history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Prior immigration violations and history; and
10. Cooperation in obtaining your travel document.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf.

Department of Homeland Security
Bureau of Immigration & Customs Enforcement
Attn: Linda Trinks, Deportation Officer
450 Main Street, Room 511
Hartford, CT 06103-3060

---

## METHOD OF SERVICE

I certify that this form was provided to the alien by:                                                           (Institution Mail)
( ) CC: Attorney of Record or Designated Representative
(x) CC: A-file

_____          Linda Trinks                    10/31/03
Signature of Officer

(Final 10/99)

Melaia Latu Ostling

        Petitioner

V.

                                Civ. No. 3:01cv1900
                                HON Robert Chatigny

Pam Richards, John A. Danaher III. and Immigration And Naturalization Service, an agency of the United States Government

                                Respondent

## Proof Of Service

MELAIA Ostling, says on the 2nd day of February 2004, she served a copy of the attached Brief to support he motion to expedite to the Federal Court District of Connecticut Chambers of Robert Chatigny, Public Defender Gary Weinberger, by placing said documents in a properly addressed envelope, by depositing the same in the receptacle for the United States Mail through the her unit supervisor of the York Facility at Niantic Connecticut.

Respectfully submitted

MELAIA Ostling